UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                CRIMINAL ACTION

VERSUS                                  NO: 15-176

DERRICK FIELDS                          SECTION: "J"

## ORDER AND REASONS

Before the Court is a *Motion to Vacate under 28 U.S.C. § 2255* **(Rec. Docs. 153, 156)** filed by Petitioner, Derrick Fields. The Government filed an opposition thereto (Rec. Doc. 157). Defendant filed an objection to the Government's opposition. (Rec. Doc. 158). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND[1]

On March 1, 2016, Petitioner was named in a two-count Superseding Bill of Information charging him with Conspiracy to Distribute and Possess Cocaine Hydrochloride (Count 1) and Causing Death Through the Use of a Firearm (Count 2). Petitioner subsequently plead guilty to both counts. This Court sentenced Petitioner to life imprisonment on Count 2.

On January 30, 2017, the Court entered its Judgment against Petitioner. On January 31, 2017, the Court filed an Amended Judgment to correct a clerical error. Petitioner did not file a Notice of Appeal.

---

[1] Facts taken from the Government's Opposition. (Rec. Doc. 157).

On September 17, 2020, Petitioner sent a letter to the Court, which was construed as a Motion to Vacate under 28 U.S.C. § 2255. The original letter was marked as deficient, but Petitioner subsequently completed the Court's standard form for § 2255 motions, which was filed with the Clerk's Office.

In his request for habeas relief, Petitioner argues that he received ineffective assistance of counsel because his attorney failed to inform him of the "Chad Scott corruption." (Rec. Doc. 156-1, at p. 1). However, Petitioner also states that he asked his attorney about the Chad Scott investigation during his sentencing on January 26, 2017. (Rec. Doc. 156, at p. 7)

## **LEGAL STANDARD**

§ 2255 provides that a federal prisoner serving a court-imposed sentence may move the court that imposed the sentence to vacate, set aside or correct the sentence. Only a narrow set of claims are cognizable on a § 2255 motion. The statute identifies four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *Id.* A claim of error that is neither constitutional nor jurisdictional is not cognizable in a § 2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

When a § 2255 motion is filed, the district court must first conduct a preliminary review. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing Section 2255 Proceedings, Rule 4(b). If the motion raises a non-frivolous claim to relief, the court must order the government to file a response or to take other appropriate action. *Id*. After reviewing the government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must determine whether an evidentiary hearing is warranted. Rules Governing Section 2255 Proceedings, Rule 8. An evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." § 2255(b). No evidentiary hearing is required, however, if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations." *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).

Additionally, the Court recognizes that Petitioner's pro se complaint must be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011) ("The filings of a federal habeas petitioner who is proceeding pro se are entitled to the benefit of liberal construction.")

## **DISCUSSION**

All § 2255 petitions must be filed within one year of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the governmental

impediment to making a motion in violation of the Constitution or laws of the United States is removed; (3) the date on which the newly-recognized right asserted was initially recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. § 2255(f). When a petitioner does not file a direct appeal, his conviction becomes final on the day when the time for filing a direct appeal expires. *United States v. Scruggs*, 691 F.3d 660, 669 (5th Cir. 2012). Convictions become final upon the expiration of the 14-day period for filing the direct appeal. *U.S. v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008).

In this case, since the Amended Judgment was entered on January 31, 2017, the Judgment became final on February 14, 2017. Petitioner filed his § 2255 motion on September 17, 2020. Therefore, Petitioner's § 2255 motion was untimely because approximately two-and-a-half years had passed since the deadline for the filing of this motion.

Although Petitioner does not argue that he is entitled to equitable tolling, the Court will address this issue because Petitioner is proceeding pro se. A petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Even if Petitioner had argued that he was entitled to equitable tolling, Petitioner admits that he was aware of the issues surrounding Chad Scott during his sentencing hearing in

2017 and that he spoke to his attorney about that investigation. (Rec. Doc. 156, at p. 8). Thus, Petitioner cannot argue that he has been diligently pursuing his rights because at least two-and-a-half years have passed since Petitioner was aware of the Chad Scott investigation.

Based on the foregoing, the Court finds that Petitioner fails to satisfy any of the prongs enumerated by § 2255(f) or that he is entitled to equitable tolling, and his application for relief is, therefore, untimely.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Derrick Fields' *Motion to Vacate under 28 U.S.C. § 2255* **(Rec. Docs. 153, 156)** is **DENIED.**

**IT IS FURTHER ORDERED** that Derrick Fields' request for appointment of counsel is **DENIED**.

New Orleans, Louisiana, this 3rd day of December, 2020.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE